Date signed October 19, 2012



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

(Baltimore Division)

| | |
|---|---|
| In re: | Bankruptcy Case No.: |
| Linda D. Johnson, | 12-14808-DER |
|    Debtor. |  Chapter 7 |
| | |
| W. Clarkson McDow, Jr.,<br>United States Trustee  for Region Four, | Adversary Proceeding No: |
|    Plaintiff | |
| v. | 12-00408-DER |
| Michael Mancini (a/k/a A. Michael Scalia)<br>(f/k/a Michael Lonardo), *et al.,* | |
|    Defendants. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On October 2, 2012, the Court held an evidentiary hearing in the above-captioned

adversary proceeding.  After considering the evidence presented, including the

allegations in the Amended Complaint [Docket No. 5], which are deemed admitted

pursuant to Federal Rule of Civil Procedure 8(b)(6) made applicable in these proceedings

by Federal Rule of Bankruptcy Procedure 7008, the Court, pursuant to Rule 52(a)(1) of

the Federal Rules of Civil Procedure made applicable to this adversary proceeding by

Rule 7052 of the Federal Rules of Bankruptcy Procedure, makes the following findings

of fact and conclusions of law:

## FINDINGS OF FACT

### General Background

1.      The plaintiff in this adversary proceeding is the United States Trustee for

Region Four (the "United States Trustee").[1]

2.      The defendants in this adversary proceeding are an individual currently

named Michael Mancini ("Mancini"), and a business entity known as Scalia & Seidel,

LLC ("Scalia & Seidel").  The defendants are referred to collectively as the

"Defendants."

3.      The United States Trustee served his complaint and the summons issued by

this Court on the Defendants in accordance with Rule 7004 of the Federal Rules of

Bankruptcy Procedure.

4.      The summons required the Defendants to respond to the complaint by

July 18, 2012, and scheduled a pre-trial conference for August 16, 2012.

---

[1] Congress has provided that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding" under Title 11 of the United States Code (the "Bankruptcy Code").  11 U.S.C. §307. Additionally, various paragraphs of § 110 of the Bankruptcy Code specifically provide that the United State Trustee may bring actions to redress the misconduct alleged in this case.  *See, e.g.*, 11 U.S.C. §§ 110(i)(1), 110(J)(1).

5.      The United States Trustee served his amended complaint on the Defendants in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.

6.      The Defendants did not respond to the complaint or amended complaint, and did not appear at the pre-trial conference.

7.      The United States Trustee duly served his motion for default judgment on the Defendants.  The Defendants did not respond to the motion.

8.      Notice was duly given to the Defendants of the evidentiary hearing held on October 2, 2012.  The Defendants did not appear at the hearing.

9.      Mancini is a high school graduate with no subsequent college or other post-secondary education.  Mancini is not an attorney and is not licensed to practice law in the State of Maryland.

10.      The "Scalia" in Scalia & Seidel refers to Mancini who, as described in more detail below, conducted business under the fictitious name "A. Michael Scalia." The "Seidel" in Scalia & Seidel refers to Mancini's grandfather, who has been deceased for approximately 30 years.

11.      The Court finds that the name "Scalia & Seidel, LLC," was designed and intended by Mancini to give the public the impression that Mancini is an attorney and that Scalia & Seidel is a law firm.

12.     Between February 10, 2012, and July 25, 2012, Mancini, on behalf of

debtors[2] and in exchange for compensation, prepared documents such as bankruptcy

petitions, schedules, and statements of financial affairs that were filed in this Court.

Mancini also provided other assistance to debtors filing bankruptcy cases in this Court.

13.     Mancini provided these services through or along with Scalia & Seidel.

14.     The United States Trustee provided evidence of at least 54 cases in which

the Defendants prepared documents and provided assistance to debtors during this time

period.  These cases are discussed in more detail below.

### Mancini's Name and Name Change

15.     Prior to February 2012, and continuing through sometime in June 2012,

Mancini's legal name was Michael Antonio Lonardo.

16.     In February 2012, Mancini filed a petition in a Maryland state court

requesting his name be legally changed to "A. Michael Scalia."

17.     In April 2012, Mancini amended his name-change petition, thereby asking

that the state court to change Mancini's name to "Michael Antonio Mancini" rather than

the originally-requested "A. Michael Scalia."

18.     In June 2012, Mancini's request was granted and his name was legally

changed from "Michael Antonio Lonardo" to "Michael Antonio Mancini."

19.     There was no point in time during which Mancini's actual name was

"A. Michael Scalia."

---

[2] The term "debtor" is defined by the Bankruptcy Code as a "person ... concerning which a case under [the Bankruptcy Code] has been commenced."  11 U.S.C. § 101(13).  For purposes of these Findings, the Court applies that same definition.

**Defendants' Public Persona Implied They Were Attorneys**

20.     The Defendants conducted business out of offices located in Baltimore City, Maryland.

21.     In July 2012, the Assistant United States Trustee stationed in Baltimore, along with an attorney and an investigator from the Maryland Attorney Grievance Commission, met with and interviewed Mancini at his offices on Harford Road in Baltimore City.

22.     The Assistant United States Trustee testified that the office was decorated to look like a law office, including containing shelves of law books.

23.     The Court finds that the Defendants decorated the office in such a fashion as to appear to the public that it was a law office, that Scalia & Seidel is a law firm, and that Mancini is a lawyer.

24.     The Defendants advertised their services in publications typically used by attorneys to advertise legal services.  The Defendants designed their advertisements to appear as if they were attorneys offering legal services and legal advice.

25.     On at least one web site, Mancini falsely indicates that he was licensed to practice law in Maryland.

**The Linda Johnson Case**

26.     The debtor in this bankruptcy case is Linda Johnson.

27.     Prior to commencement of this case, and in connection with her intention to file a bankruptcy petition, Ms. Johnson used the internet to search for bankruptcy

attorneys in Baltimore.  Ms. Johnson entered her contact information into a website advertising bankruptcy services.

28.     In response, Mancini (using the name Michael Scalia) contacted Ms. Johnson and informed her that he could assist her in filing for bankruptcy.

29.     Mancini told Ms. Johnson that he was an attorney.

30.     Ms. Johnson believed that Mancini was an attorney.

31.     Ms. Johnson paid Mancini $400 to assist her with the preparation and filing of her bankruptcy case.

32.     Ms. Johnson believed that in exchange for her payment, she had hired Mancini as her bankruptcy attorney and to represent her in her bankruptcy case.

33.     Mancini also told Ms. Johnson that for an additional fee of approximately $400 Mancini would attend and represent Ms. Johnson as her attorney at Ms. Johnson's meeting of creditors.

34.     In order to save money, Ms. Johnson chose not to pay Mancini the additional $400.

35.     On March 15, 2012, with the Defendants' assistance, Ms. Johnson filed a voluntary petition under chapter 7 of the Bankruptcy Code commencing a bankruptcy case in this Court docketed as In re Linda D. Johnson, Case No. 12-14808.

36.     In connection with Ms. Johnson's case, the Defendants prepared, among other things, the following documents:

        a.      Voluntary Chapter 7 Petition,
        b.      Bankruptcy Schedules A-J,

- 6 -

      c.     Statement of Financial Affairs,

      d.     Chapter 7 Statement of Current Monthly Income and Mean-Test Calculation, and

      e.     Application to Waive Chapter 7 Filing Fee.

37.     Although the Defendants filled out and filed the various disclosures required of a non-attorney petition preparer, the Defendants did not provide true and accurate information on those disclosures and forms.  Specifically, the Defendants indicated that Mancini's name was "A. Michael Scalia, BPP" and they provided a social security number that was not Mancini's true social security number.[3]

38.     Ms. Johnson's Application to Waive Chapter 7 Filing Fee was denied by Order of this Court entered March 19, 2012, but she was granted permission to pay the filing fee in installments [Docket No. 12].

39.     Ms. Johnson's bankruptcy case was dismissed by the Court on April 13, 2012 as a result of a failure to pay the required filing fees [Docket No. 14].

40.     Thereafter, Ms. Johnson contacted the Defendants for advice on how to get her bankruptcy case reinstated.

41.     In response to Ms. Johnson's inquiry, the Defendants prepared a motion styled "Debtor's Motion to Reconsider Order Dismissing Case" [Docket No. 17] (the "Motion to Reconsider").

---

[3] At the hearing on this matter, the Assistant United States Trustee testified that Mancini admitted to him that the social security number listed on these documents was not Mancini's social security number but that Mancini claimed the numbers were tax identification numbers assigned to him or his businesses.  However, the Assistant United States Trustee also testified that his own investigation indicated that the numbers were actually social security numbers issued to individuals living outside of Maryland.  There was no evidence presented as to the identity of these individuals or that these individuals were aware that Mancini had used their social security numbers.

42.     The Defendants charged Ms. Johnson $68.00 to prepare the Motion to Reconsider.

43.     The Motion to Reconsider was filed in Ms. Johnson's case on April 20, 2012.

44.     The Defendants failed to disclose that they prepared the Motion to Reconsider.

45.     By Order entered May 4, 2012, the Court granted Ms. Johnson's Motion to Reconsider and reinstated her case [Docket No. 18].

46.     The Court finds that the Defendants' conduct and practices in connection with Ms. Johnson's case are generally typical of the Defendants' conduct and practices in those cases they prepared between February and July of 2012.

## Other Cases

47.     At the hearing on this matter, the United States Trustee identified 53 cases in addition to Ms. Johnson's in which the Defendants prepared documents for filing in this Court and provided other assistance to debtors in connection with their bankruptcy cases.

48.     In 44 of these cases, the Defendants falsely identified Mancini as A. Michael Scalia.

49.     In 9 of the cases, the Defendants used Mancini's true legal name of Michael Mancini.

50.     In all 53 cases, the Defendants used a false social security number in their disclosures.

51.     The Court finds that the Defendants' use of a false name and false social security number was intentional and for the purpose of concealing Mancini's true identity.

52.     The chart below identifies these 53 cases by case number and debtor name, and indicates the date of filing, the name the Defendants used to identify Mancini and the amount the Defendants charged the debtor for their services:

| Case No. | Case Name | Date Filed | Alias/ Name Used | Amount Charged |
|---|---|---|---|---|
| 12-12203 | Justice, Tuyna | 2/10/2012 | Scalia | $399 |
| 12-12543 | Jackson, Sabrina | 2/15/2012 | Scalia | $399 |
| 12-12892 | Elliott, Amie | 2/21/2012 | Scalia | $400 |
| 12-13047 | Kelly, Walter | 2/22/2012 | Scalia | $400 |
| 12-13253 | Terry, Mary Katherine | 2/24/2012 | Scalia | $399 |
| 12-13458 | Henson, Charles | 2/28/2012 | Scalia | $400 |
| 12-13617 | Lucas, Richard | 2/29/2012 | Scalia | $400 |
| 12-14009 | Dhanesar, David | 3/5/2012 | Scalia | $400 |
| 12-14620 | Thompson, Lateasha | 3/12/2012 | Scalia | $400 |
| 12-15156 | Healy, Audrey | 3/20/2012 | Scalia | $400 |
| 12-15815 | Jenkins, Shaunda | 3/28/2012 | Scalia | $400 |
| 12-15828 | Simms, Andrew | 2/28/2012 | Scalia | $380 |
| 12-16230 | Gray, Larry Jackson | 4/2/2012 | Scalia | $400 |
| 12-16377 | Carroll, Kelli | 4/4/2012 | Scalia | $400 |
| 12-16427 | Rhodes, Kenyona | 4/5/2012 | Scalia | $400 |
| 12-16730 | Manning, Bernadette | 4/10/2012 | Scalia | $400 |
| 12-16891 | Klein, Deborah | 4/12/2012 | Scalia | $400 |
| 12-16941 | McLeod, Gabriell | 4/13/2012 | Scalia | $400 |
| 12-17131 | Bennett, Simone | 4/16/2012 | Scalia | $400 |
| 12-17260 | Banks, Denise | 4/17/2012 | Scalia | $400 |
| 12-17468 | Perry, Ronald | 4/20/2012 | Scalia | $400 |
| 12-17630 | Spiegel, Glenn | 4/23/2012 | Scalia | $400 |
| 12-17619 | Cherry, Mary | 4/23/2012 | Scalia | $400 |
| 12-17971 | Gathers, Ameisha | 4/27/2012 | Scalia | $400 |

| Case No. | Case Name | Date Filed | Alias/ Name Used | Amount Charged |
|---|---|---|---|---|
| 12-18259 | Hughes, Antwan | 5/1/2012 | Scalia | $400 |
| 12-18321 | Demccuttac, Charmaine | 5/2/2012 | Scalia | $500 |
| 12-18438 | Iten, Dale | 5/3/2012 | Scalia | $400 |
| 12-18775 | Stover, Laura | 5/8/2012 | Scalia | $400 |
| 12-18736 | Bellison, James | 5/8/2012 | Scalia | $400 |
| 12-18763 | Jones, Kili Lushaan | 5/8/2012 | Scalia | $169 |
| 12-18908 | Wilt, Ronald | 5/10/2012 | Scalia | $400 |
| 12-19413 | Conaway, Cheryl | 5/17/2012 | Scalia | $400 |
| 12-19460 | Scott, Lauren | 5/18/2012 | Scalia | $400 |
| 12-19504 | Brown, Ann | 5/18/2012 | Scalia | $400 |
| 12-19597 | German, William | 5/21/2012 | Scalia | $400 |
| 12-19687 | Miller, Kailin | 5/22/2012 | Scalia | $400 |
| 12-19747 | MacNeal, Daniel | 5/23/2012 | Scalia | $400 |
| 12-19915 | Johnson, Darlene | 5/25/2012 | Scalia | $400 |
| 12-19914 | Dew, Michael | 5/25/2012 | Scalia | $400 |
| 12-20539 | Franczkowski, Ashley | 6/5/2012 | Scalia | $400 |
| 12-21542 | Lawson, Cornelia | 6/20/2012 | Scalia | $50 |
| 12-21660 | Huggins, Samalia | 6/22/2012 | Scalia | $400 |
| 12-21686 | Ince, Renata | 6/22/2012 | Scalia | $400 |
| 12-22360 | Ward, Darrian | 7/2/2012 | Scalia | $400 |
| 12-21546 | Bright, Antonia | 6/20/2012 | Mancini | $400 |
| 12-21687 | Bates. Kim | 6/22/2012 | Mancini | $400 |
| 12-22190 | Anderson, Lauren | 6/29/2012 | Mancini | $400 |
| 12-23188 | Diesel, John | 7/17/2012 | Mancini | $400 |
| 12-23340 | Pollitt, Jerome | 7/19/2012 | Mancini | $400 |
| 12-23420 | Jeffries, Dante | 7/20/2012 | Mancini | $400 |
| 12-23419 | Brown, Artricia | 7/20/2012 | Mancini | $400 |
| 12-23589 | Lewis, Mark | 7/24/2012 | Mancini | $400 |
| 12-23662 | Spione, Joy | 7/25/2012 | Mancini | $400 |

53.     In connection with Ms. Johnson's bankruptcy case and the bankruptcy cases described in the chart above, the Defendants acted as persons, other than an attorney for the debtor or an employee of such attorney under direct supervision of such attorney, who prepared for compensation, documents for filing in the bankruptcy court in connection with a bankruptcy case.

54.     In each case described above where the Defendants identified Mancini as "A. Michael Scalia," Mancini failed to print his name on a document prepared for filing or to print the name of the officer, principal, responsible person or partner of Scalia & Seidel who prepared each document for filing.

55.     In each case described above, the Defendants failed to place on each document filed, Mancini's social security number or the social security number of the officer, principal, responsible person, or partner of Scalia & Seidel who prepared each document for filing.

56.     The Defendants engaged in the unauthorized practice of law by providing legal advice and by drafting legal motions, including the Motion to Reconsider.

## CONCLUSIONS OF LAW

57.     The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and Local Rule 402 of the United States District Court for the District of Maryland.  This proceeding is a "core proceeding" under 28 U.S.C. § 157, in which the bankruptcy court can enter a final order.

58.     Section 110(a) of the Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a .... petition or any other document ... for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a [bankruptcy case]."  11 U.S.C. §§ 110(a)(1), 110(a)(2).

59.    The Defendants are bankruptcy petition preparers as defined by § 110(a) of the Bankruptcy Code.

60.    Section 110 of the Bankruptcy Code requires that a bankruptcy petition preparer that prepares a document for filing in the bankruptcy court or district court disclose certain information on each such document.  Among other information, a bankruptcy petition preparer must disclose on each document the bankruptcy petition preparer prepares for filing:

   a.    The bankruptcy petition preparer's name or, if the bankruptcy petition preparer is not an individual, the name of an officer, principal, responsible person, or partner of the bankruptcy petition preparer (*see* 11 U.S.C. § 110(b)(1)); and

   b.    The social security number of the bankruptcy petition preparer or, if the bankruptcy petition preparer is not an individual, the social security number of an officer, principal, responsible person, or partner of  the bankruptcy petition preparer (*see* 11 U.S.C. § 110(c)).

61.    With respect to each document the Defendants prepared for filing in the cases identified above using the name "A. Michael Scalia," the Defendants failed to comply with the requirements of 11 U.S.C. § 110(b)(1).

62.    With respect to each document the Defendants prepared for filing in the cases identified above, the Defendants failed to comply with 11 U.S.C. § 110(c).

63.    Section 110(e) of the Bankruptcy Code prohibits a bankruptcy petition preparer from offering legal advice.  11 U.S.C. § 110(e)(2).  Additionally, § 110(k) of the Bankruptcy Code provides that nothing contained in any provision of § 110 of the Bankruptcy Code "shall be construed to permit activities that are otherwise prohibited by

law, including rules and laws that prohibit the unauthorized practice of law."  11 U.S.C.
§ 110(k).

64.     Maryland law prohibits the unauthorized practice of law.  Md. Code Ann.,
Bus. Occ. & Prof. §§ 10-601, 10-602; *Attorney Grievance Comm'n of Md. v. Tanko*, 427
Md. 15, 46-47 (2012).

65.     In determining whether an action constitutes the practice of law under the
provisions of § 110 of the Bankruptcy Code, courts look to state law.  *In re Reynoso*, 477
F.3d 1117, 1125 (9th Cir. 2007); *Lucas v. Nickens* (*In re Lucas*), 312 B.R. 559, 574-75
(Bankr. D. Md. 2004).  Under Maryland law, an activity constitutes the practice of law if
it "require[s] legal knowledge and skill in order to apply legal principles and precedent."
*Attorney Grievance Comm'n v. Hallmon*, 343 Md. 390, 397 (1996) (quoting *In re
Discipio*, 645 N.E.2d 906, 910 (Ill. 1994)).  "[T]he preparation of legal documents, their
interpretation, the giving of legal advice, or the application of legal principles to
problems of any complexity" constitutes the practice of law.  *Lukas v. Bar Ass'n of
Montgomery County, Maryland, Inc.*, 35 Md. App. 442, 448 (1977) (citations omitted).
The practice of law in Maryland also includes "drawing for others ... written instruments
which require more than the most elementary knowledge of the law, or more than that
which the ordinary or average laymen may be deemed to possess," in situations where
"special legal knowledge and skill are required."  35 Md. App. at 448-49 (quoting 111
A.L.R. 19, 24-25 (1937)).

66.     Preparing motions, such as the Motion to Reconsider, constitutes the practice of law.  *In re Amstutz*, 427 B.R. 636, 641-42 (Bankr. N.D. Ohio 2010) (preparation by bankruptcy petition preparer for another of a document filed with the Court entitled "Motion to Set Aside Judgment" was the unauthorized practice of law); *Meininger v. Burnworth* (*In re Landry*), 268 B.R. 301, 306 n. 2 (Bankr. M.D. Fla. 2001); *In re Powell*, 266 B.R. 450, 452 (Bankr. N.D. Cal. 2001) (selection of motion to avoid lien form by bankruptcy petition preparer constituted the unauthorized practice of law); *In re Boettcher*, 262 B.R. 94, 96 (Bankr. N.D. Cal. 2001) (holding that it was the unauthorized practice of law for a bankruptcy petition preparer to prepare a "fill in the blank" motion to dismiss or motion for a continuance on behalf of the debtor);  *In re Gabrielson*, 217 B.R. 819, 827 (Bankr. D. Ariz. 1998) ("[m]oreover, the Court concludes that preparing motions, responses to motions, objections to claims, responding to the Trustee's Recommendation, or preparing any type of pleading, versus the official forms, is the practice of law."); *In re Lyvers*, 179 B.R. 837, 842 (Bankr. W.D. Ky. 1995) (filing and preparation of motion to dismiss and motion to reinstate constituted the unauthorized practice of law by a bankruptcy petition preparer).

67.     The Defendants provided legal advice in violation of 11 U.S.C. § 110(e) and engaged in the unauthorized practice of law by, among other things, advising Ms. Johnson about how to have her case reinstated after dismissal and by drafting the Motion to Reconsider.

68.     The Defendants misled debtors and the public by holding themselves out to the public as attorneys and as a law firm and leading debtors to believe they were being provided legal services by Mancini and Scalia & Seidel.

69.     Section 110(f) of the Bankruptcy Code prohibits bankruptcy petition preparers from using the word "legal" or "any similar term" in their advertisements and prohibits bankruptcy petition preparers from advertising "under any category that includes the work 'legal' or any similar term."  11 U.S.C. § 110(f).

70.     The Defendants failed to comply with § 110(f) of the bankruptcy code in connection with their advertisements, including but not limited to their advertisements in the "Rocket Lawyer."

## <u>RELIEF TO BE GRANTED</u>

71.     Section 110 of the Bankruptcy Code, as well as the Court's own inherent power to regulate the practice of law before it, *see Lucas v. Nickens (In re Lucas),* 312 B.R. 559, 573-74 (Bankr. D. Md. 2004), provide the Court with numerous and varied forms of damages, fines and other relief that could be awarded and which are appropriate in this case.

72.     The United States Trustee has not requested every form of available relief and the Court will not endeavor to calculate or determine every form of relief available. Rather, at the hearing in this case the United States Trustee asked for certain specific forms of relief.  The Court will award the specific relief requested by the United States Trustee because:

     a.     The United States Trustee has proven that relief is warranted; and

     b.     The Court believes that relief should be sufficient to both compensate for the injuries caused and deter future wrongdoing by these Defendants.

73.     The failure of the Court to award damages or relief beyond that being specifically granted here should not be taken as an indication that:

     a.     entitlement to such damages or relief was not proven;

     b.     such damages or relief is not warranted; or

     c.     damages and relief beyond that being awarded is not available under applicable law.

### Fines

74.     Section 110($l$)(1) of the Bankruptcy Code provides that a bankruptcy petition preparer who fails to comply with subsections (b),(c),(d),(e),(f),(g) or (h) of § 110 may be fined up to $500 for each failure.

75.     In each of the 44 cases identified above in paragraph 52 in which the Defendants identified Mancini using the name "A. Michael Scalia," the Defendants failed to comply with § 110(b) at least one time.  Therefore, the Court will issue 44 fines of $500 each for a total of $22,000.

76.     In each of the 53 cases identified above in paragraph 52, the Defendants used a false social security number and thereby failed to comply with § 110(c) at least one time per case.  Therefore, the Court will issue an additional 53 fines of $500 each for a total of $26,500.

77.     Section 110(*l*)(2) provides that the Court "shall" triple the amount of the fine assessed in any case in which it finds that the bankruptcy petition preparer "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."  11 U.S.C. § 110(*l*)(2).

78.     In all 53 cases identified above in paragraph 52, the Defendants "prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer."  *Id.*  Therefore, the Court is required to triple the fines set forth in paragraphs 75 through 76 above for a total of $145,500.

79.     In Ms. Johnson's case, the Defendants identified Mancini using the name "A. Michael Scalia," thereby failing to comply with § 110(b) at least one time. Defendants also used a false social security number and thereby failed to comply with § 110(c) at least one time.  Therefore, the Court will issue two additional fines of $500 for a total of $1,000.

80.     Additionally, with respect to Ms. Johnson's case, the Defendants shall also be fined $500 for failing to comply with the § 110(e) prohibition against providing legal advice, $500 for failing to comply with the § 110(f) prohibition against misleading advertising, $500 for failing to comply with the § 110(h) prohibition against the charging of an excessive fee.

81.     Each of the fines described in paragraphs 79 and 80 case shall also be tripled pursuant to 11 U.S.C. § 110(*l*)(2)(D), for a total of $7,500.

82.     The total of the fines being issued is $153,000.  The Defendants shall be jointly and severally liable for these fines.

83.     Pursuant to 11 U.S.C. § 110(*l*)(4)(A), the Defendants shall pay the fines in the amount of $153,000 to the United States Trustee.

### Damages

84.     Section 110(i)(1) of the Bankruptcy Code provides that a bankruptcy petition preparer that violates § 110 or that "commits any act that the court finds to be fraudulent, unfair, or deceptive" shall be ordered to pay to the debtor:

  a.     the debtor's actual damages;

  b.     reasonable attorneys' fees and costs incurred in moving for damages; and

  c.     the greater of (i) twice the amount the debtor paid  the bankruptcy petition preparer, or (ii) $2,000.

11 U.S.C. § 110(i)(1).

85.     No evidence was presented as to any damages suffered by any debtor or as to any attorneys' fees or costs incurred in connection with the United States Trustee's action and no such relief was requested.  Therefore, the Court will not award any actual damages, attorneys' fees or costs.

86.     Evidence was, however, presented as to the amount Ms. Johnson and each debtor identified in paragraph 52 above paid to Defendants.  In each case $2,000 is more than twice the amount the debtors paid.  Therefore, the Court is required to order the

Defendants to pay Ms. Johnson as well as each debtor identified in paragraph 52 above $2,000 each for a total of $108,000.

87.    The Defendants shall be jointly and severally liable for payment of this $108,000.

88.    Rather than pay debtors directly, the Defendants shall provide to the United States Trustee, $2,000 for Ms. Johnson and $2,000 for each one of the debtors identified in paragraph 52 above, in the form of certified checks or other certified funds made payable to Ms. Johnson and to each of the debtors identified in paragraph 52 above. Upon receipt by the United States Trustee, the United States Trustee shall distribute those checks or other funds to Ms. Johnson and the debtors identified in paragraph 52 above.

89.    In addition, the Defendants shall refund the $468 paid to them by Ms. Johnson pursuant to 11 U.S.C. § 110(h)(3) because (i) the entire fee charged in that case was excessive in light of Defendants' conduct with respect to that case and, (ii) because the Defendants failed to comply other provisions § 110, including §§ 110(b) and (c). The Defendants shall also be jointly and severally liable for this amount and this amount also shall be provided to the United States Trustee in the form of a certified check or other certified funds made payable to Linda D. Johnson. Upon receipt of said funds, the United States Trustee shall distribute them to Ms. Johnson.

## Injunctive Relief

90.    Section 110(j)(2)(A) of the Bankruptcy Code provides that if the Court finds that a bankruptcy petition preparer has:

a.    engaged in conduct in violation of § 110 or of any provision of the Bankruptcy Code;

b.    misrepresented the bankruptcy petition preparer's experience or education as a bankruptcy petition preparer; or

c.    engaged in other fraudulent, unfair or deceptive conduct,

the Court may enjoin the bankruptcy petition preparer from engaging in such conduct.  11 U.S.C. § 110(j)(2)(A).

91.    The Court finds that the Defendants have engaged in all three of the types of conduct described in § 110(j)(2)(A) and, therefore, an injunction prohibiting such conduct is warranted in this case.

92.    Section 110(j)(2)(B) goes on to provide, however that if the Court finds that:

a.    the bankruptcy petition preparer has continually engaged in the conduct described in § 110(j)(2)(A); and

b.    an injunction merely prohibiting that conduct "would not be sufficient to prevent [the bankruptcy petition preparer's] interference with the proper administration of" the Bankruptcy Code,

the Court may enjoin the bankruptcy petition preparer from acting as a bankruptcy petition preparer.  11 U.S.C. § 110(j)(2)(B)

93.    In this case, the Court does find that the Defendants have continually engaged in the conduct described in § 110(j)(2)(A) by, among other things failing to make required disclosures, using false identifiers, and holding themselves out as attorneys licensed to practice law.  Therefore the Court finds it appropriate to and will enjoin the Defendants from acting as bankruptcy petition preparers.  The specific terms of

the injunction will be set forth in the judgment and order filed contemporaneously herewith.

cc:    All Parties in Interest

END OF ORDER